# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMKINETICS, INC. | : | |
| Plaintiff, | : | Case No. 2:25-cv-00207 |
| v. | : | |
| AVATION MEDICAL, INC. | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff EMKinetics, Inc., ("EMKinetics") files this Complaint for Patent Infringement against Defendant Avation Medical, Inc. ("Avation") and alleges as follows:

## THE PARTIES

1. EMKinetics is a Delaware corporation with its principal place of business located at 255 Kansas Street, Suite 300, San Francisco, California 94107.

2. Avation is a Delaware corporation with its principal place of business located at 1375 Perry Street, Columbus, Ohio 43201.

## JURISDICTION AND VENUE

3. These patent infringement claims arise under the U.S. Patent Act, 35 U.S.C. §§ 100 *et seq*.

4. This Court has subject matter jurisdiction over EMKinetics' patent infringement claims under the U.S. Patent Act pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent).

5. This Court has personal jurisdiction over Avation at least because Avation's principal place of business is in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Avation's principal place of business is in this District and Avation has a regular and established place of business in this District.

## THE ASSERTED PATENT

7. On February 18, 2018, the USPTO duly and lawfully issued U.S. Patent No. 12,226,632 (the "'632 patent" or the "Asserted Patent"), entitled "Methods and Apparatus for Transdermal Stimulation over the Palmar and Plantar Surfaces," to Amit Rajguru et al. EMKinetics is the owner of all rights, title, and interest in the '632 Patent, including but not limited to the right to sue for past, present, and future infringement. A true and correct copy of the '632 patent is attached hereto as **Exhibit A**.

## COUNT I: INFRINGEMENT OF THE '632 PATENT

8. EMKinetics repeats and realleges each and every allegation set forth in the above paragraphs and incorporates them by reference herein.

9. Avation has infringed, is infringing, and unless enjoined will continue to infringe at least Claim 25 of the '632 Patent in violation of at least 35 U.S.C. § 271.

10. Avation and its users have directly infringed, are directly infringing, and unless enjoined will continue to directly infringe Claim 25 of the '632 Patent in violation of 35 U.S.C. § 271(a) by performing the patented method recited in Claim 25 of the '632 Patent without the authorization of EMKinetics, the owner of the '632 Patent. Avation and its users directly infringe Claim 25 of the '632 Patent at least by using the Vivally® neuromodulation device (the "Accused Product") to perform the recited method of treating overactive bladder or incontinence.

11. The Vivally neuromodulation system includes the "Vivally Wrap" or "SmartSense Wrap" ankle brace, the "CliQ" controller, and the "Vivally" or "MyVivally Mobile App" smartphone application. Avation has marketed the Vivally neuromodulation system as containing the following components:



(https://avation.com/is-vivally-right-for-me).

12. Upon information and belief, the Vivally neuromodulation system includes an electrical stimulator that is non-invasively positioned near a user's ankle and that directly targets the tibial nerve, which directly receives the electrical stimulation to treat overactive bladder ("OAB") or incontinence.

13. The Vivally ankle brace, which includes an electrical stimulator, is non-invasively positioned near a user's ankle. For example, Avation illustrates the Vivally ankle brace being used as follows:



(https://avation.com/how-vivally-works). Avation markets Vivally as "utiliz[ing] physiologic closed-loop controlled transcutaneous tibial nerve stimulation (PCLC-TTNS)." (https://avation.com/closed-loop-neuromodulation). Avation describes Vivally as a "wearable therapeutic for the systems of OAB [overactive bladder]." (*Id.*).

14. Upon information and belief, the Vivally neuromodulation system detects for an electrical conduction in the tibial nerve via a sensor in communication with a controller by detecting a lack of presence of the electrical conduction at a distant portion of the user's body as an indicator of proper electrode placement of the electrical stimulator.

15. According to Avation, Vivally "utilities … continuous EMG [electromyogram] sensing." Studies written by authors sponsored by Avation and approvingly cited by Avation describe how a sensor in Vivally can be used to detect indications of proper electrode placement, for example:

> However, previous devices intended to be used at home, necessitated precise electrode placement and monitoring of sensory or motor responses to ensure adequate target nerve stimulation, with individual anatomical variations posing challenges and limiting therapy accessibility. Moreover, nerve activation demands a minimal stimulation threshold; as the distance between the stimulation source and target increases, a higher current is required, increasing the risk of discomfort. The Avation device addresses these concerns by integrating the stimulation source into various-sized garments designed to accommodate a wide range of anatomical features and facilitate accurate electrode placement.

(https://doi.org/10.1016/j.urology.2023.10.007).

4

16. Upon information and belief, the Vivally® neuromodulation system adjusts the electrical stimulus via the controller in response to the electrical conduction detected in the tibial nerve. The same studies continue, for example:

> Importantly, the system includes an EMG sensor and proprietary algorithm, which not only confirms successful nerve stimulation but also individualizes therapy by continuously adjusting the stimulatory output during each treatment session.

(https://doi.org/10.1016/j.urology.2023.10.007).

17. Avation has with specific intent actively induced, is actively inducing, and unless enjoined will continue to actively induce infringement of Claim 25 of the '632 Patent in violation of 35 U.S.C. § 271(b). Upon information and belief, Avation actively encouraged, actively encourages, and unless enjoined will continue to actively encourage its users to use the Accused Product in a manner that infringes Claim 25 of the '632 Patent. For example and without limitation, Avation promotes and markets the Accused Product to its users as having the capability to perform the patented method. Avation also provides users of the Accused Product with information and instructions (*see, e.g.*, avation.com; avation.com/how-vivally-works; avation.com/is-vivally-right-for-me; avation.com/patients; and https://avation.com/closed-loop-neuromodulation) on how to perform the patented method, including but not limited through the Vivally smartphone app. (*See also*, www.youtube.com/watch?v=BTA3aJWhGZg, third party discussion of Vivally.)

18. Avation has been aware of the '632 Patent since at least date of its issuance and, since at least such time, has known that the acts it has induced users to perform constitute infringement of Claim 25 of the '632 Patent. Upon information and belief, Avation's active encouragement and inducement of its users to infringe Claim 25 of the '632 Patent has actually caused such users to infringe Claim 25 of the '632 Patent. Avation is therefore liable to EMKinetics as an infringer pursuant to 35 U.S.C. § 271(b).

19. Avation has with specific intent contributed, is contributing, and unless enjoined will continue to contribute to the infringement of Claim 25 of the '632 Patent in violation of 35 U.S.C. § 271(c). Avation has offered to sell and has sold, is offering to sell and is selling, and unless enjoined will continue to offer to sell and to sell within the United States and/or has imported, is importing, and unless enjoined will continue to import into the United States an apparatus (*e.g.*, the Accused Product) for use in practicing the method recited in Claim 25 of the '632 Patent, constituting a material part of the claimed invention. Avation has been aware of, and admits having been aware of, the '632 Patent since at least the date of its issuance and, since at least such time, has known the Accused Product to be especially made or especially adapted for use in an infringement of Claim 25 of the '632 Patent. The Accused Product is not a staple article or commodity of commerce suitable for substantial noninfringing use. Avation is therefore liable to EMKinetics as a contributory infringer pursuant to 35 U.S.C. § 271(c).

20. Thus, Avation has injured EMKinetics and is liable to EMKinetics for directly and/or indirectly infringing one or more claims of the '632 Patent, whether literally or under the doctrine of equivalents, including without limitation Claim 25 of the '632 Patent.

21. As a result of Avation's infringement of the '632 Patent, EMKinetics has suffered and will continue to suffer monetary damages and seeks recovery, in an amount to be proven at trial, adequate to compensate EMKinetics for Avation's infringement but in no event less than a reasonable royalty with interests and costs.

22. As a further result of Avation's infringement of the '632 Patent, EMKinetics has suffered irreparable harm and will continue to suffer irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

23. Upon information and belief, Avation has had and continues to have the specific intent to infringe Claim 25 of the '632 Patent through its deliberate and intentional infringement or, alternatively, through its willfully blind disregard of the '632 Patent by knowing there was a high probability of infringement but taking deliberate actions to avoid confirming that infringement. Avation has been aware of, and admits having been aware of, the '632 Patent since at least the date of its issuance and, since at least such time, has deliberately, intentionally, and willfully infringed the '632 Patent. Accordingly, Avation's infringement of the '632 Patent has been and continues to be deliberate, intentional, and willful, and this action is therefore an exceptional case warranting an award of enhanced damages and attorneys' fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

24. EMKinetics has not, during the term of the '632 Patent, commercially practiced the '632 Patent in the U.S. and therefore was under no duty to mark any products with the '632 Patent under 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, EMKinetics respectfully requests that this Court enter judgment against Avation, as follows:

A. Adjudging that Avation has directly and/or indirectly infringed the Asserted Patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a)-(c);

B. An award of damages to be paid by Avation after a full accounting adequate to compensate EMKinetics for Avation's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately

compensate EMKinetics for Avation's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

  C. Awarding EMKinetics all damages, including treble damages, based on any infringement found to be willful or otherwise egregious, pursuant to 35 U.S.C. § 284;

  D. Ordering Avation to continue to pay royalties to EMKinetics for infringement of the Asserted Patent on a going-forward basis;

  E. Pursuant to 35 U.S.C. § 283, permanently enjoining Avation, its officers, agents, servants, employees, attorneys, instrumentalities, and those persons in privity, active concert, or participation with them, from further acts of direct and/or indirect infringement of the Asserted Patent, including the manufacture, use, sale, offer for sale, and importation of the Accused Product;

  F. Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to EMKinetics;

  G. Awarding EMKinetics pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

  H. Granting EMKinetics such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

EMKinetics demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

/s/ F. Michael Speed, Jr.
Jeffrey S. Standley (OH Bar 0047248)
F. Michael Speed, Jr. (OH Bar 0067541)
**Standley Law Group LLP**
6300 Riverside Drive

        Dublin, Ohio 43017
        Telephone: (614) 792-5555
        Facsimile: (614) 792-5536
        Email: jstandley@standleyllp.com
             mspeed@standleyllp.com
             litigation@standleyllp.com

        David A. Gerasimow (IL Bar 6323424)
        Application for *Pro Hac Vice* to be Submitted
        **The Law Offices of David A. Gerasimow, P.C.**
        211 W. Wacker Drive, Ste. 1717
        Chicago, IL 60606
        Telephone: (312) 919-4254
        Email: dave@gerasimowlaw.com

*Counsel for Plaintiff EMKinetics, Inc.*